IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY WEISENHUNT, Individually
and as Personal Representative of the
Estate of Tarrie Weisenhunt, deceased,
CAROL WEISENHUNT, and
DEBRALEE WEISENHUNT,

    Plaintiffs,

vs.	No. 11-cv-0704 WJ/SMV

THE UNITED STATES OF AMERICA,

    Defendant.

**FIRST AMENDED INITIAL SCHEDULING ORDER**

This case is assigned to me for scheduling, case management, discovery, and all non-dispositive motions. Both the Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit. Civility and professionalism will be required of counsel. Counsel shall read and comply with "A Lawyer's Creed of Professionalism of the State Bar of New Mexico."

The parties, appearing through counsel or pro se, will "meet and confer" no later than **Thursday, March 8, 2012**, to formulate a Provisional Discovery Plan. FED R. CIV. P. 26(f). The time allowed for discovery is generally 120 to 150 days and will run from the Rule 16 initial scheduling conference. Initial disclosures under FED R. CIV. P. 26(a)(1) shall be made within fourteen days of the meet-and-confer session.

The parties will cooperate in preparing a Joint Status Report and Provision Discovery Plan ("JSR"), following the sample JSR available at the Court's web site. The blanks for suggested/proposed dates are to be filled in by the parties. Actual case management deadlines will

be determined by the Court after consideration of the parties' requests. Plaintiff (or Defendant in removed cases) is responsible for filing the JSR by **Thursday, March 15, 2012**.

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issues from the JSR.

A Rule 16 initial scheduling conference will be held by telephone on **Thursday, March 29, 2012 at 10:30 a.m.** Parties shall call Judge Vidmar's "Meet Me" line at 505-348-2357 to be connected to the proceedings. Counsel shall be prepared to discuss the following: discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert* hearing is needed, *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–92 (1993), initial disclosures, and the timing of expert disclosures and reports under FED R. CIV. P. 26(a)(2). We will also discuss settlement prospects, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c). Client attendance is not required.

Pre-trial practice in this case shall be in accordance with the foregoing.

**IT IS THEREFORE ORDERED** that the deadlines shall be as follows:

| | |
|---|---|
| **Meet and Confer by:** | March 8, 2012 |
| **JSR due to the Court by:** | March 15, 2012 |
| **Initial Disclosures due within fourteen days of the meet-and-confer session, but in no event later than:** | March 22, 2012 |
| **Telephonic Rule 16 Initial Scheduling Conference:** | March 29, 2012 at 10:30 a.m. |

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**